JOSEPH T. McNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3104
    E-mail: Julian.Xu@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONNA BANKS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:24-cv-03415-JAK-E<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 8(a) AND 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[(Proposed) Order filed concurrently herewith]<br><br>Hearing Date:  March 3, 2025<br>Hearing Time:  8:30 a.m.<br>Ctrm:  10C<br>Hon.  John A. Kronstadt |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that, on March 3, 2025 at 8:30 a.m., as soon thereafter as they may be heard, defendant United States of America ("United States") will, and hereby does, move this Court for an order dismissing the First Amended Complaint ("FAC") of plaintiff Ronna Banks ("Plaintiff"). This motion will be made before the Honorable John A. Kronstadt, United States District Judge, Courtroom 10C, located in the First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

The United States brings the motion under Fed. R. Civ. P. 8(a) and 12(b)(1) because: (1) sovereign immunity bars Plaintiff's first and third claims; and (2) Plaintiff fails to meet federal pleading standards.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

Pursuant to Local Rule 7–3 and the Court's Standing Order (Dkt. 11), this motion is made following conference of counsel on January 3, 2025.

Dated: January 21, 2025              Respectfully submitted,

JOSEPH T. McNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  /s/ Julian J. Xu
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's FAC (Dkt. 26) is a misguided attempt to subject the United States to various building accessibility violations. The FAC begins with premises liability allegations under the Federal Tort Claim Act ("FTCA") alleging that Plaintiff fell and suffered injuries. Plaintiff then lists alleged violations of the Architectural Barriers Act of 1968 ("ABA") and the Unruh Civil Rights Act ("Unruh Act") while failing to identify any waivers of sovereign immunity to bring these claims. These claims therefore fail under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and should be dismissed with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on November 22, 2022, she arrived at a post office in San Fernando, California. FAC ¶ 13. She traveled up a stairway while holding a handrail. *Id.* ¶ 15. On her descent from that stairway, she allegedly fell and suffered injuries. *Id.* ¶¶ 15, 17. She alleges that the post office was negligently maintained. *Id.* ¶¶ 22, 24.

Plaintiff also alleges numerous accessibility violations the ABA and the Americans with Disabilities Act ("ADA"). *Id.* ¶¶ 18, 23. Despite alleging that she has been to this post office multiple times (*id.* ¶ 16), Plaintiff alleges that these alleged violations deter her from returning. *Id.* ¶ 35.

## III. RELEVANT PROCEDURAL BACKGROUND

On April 25, 2024, Plaintiff filed her Complaint. Dkt. 1. The United States moved to dismiss the Complaint on December 18, 2024. Dkt. 18. Plaintiff filed the FAC on January 7, 2025, alleging (1) Dangerous Condition of Public Property, (2) Negligence – Premises Liability, and (3) Violation of the Unruh Act against the United States and Does 1-50. Dkt. 26. After Plaintiff filed the FAC, the Court deemed the United States' motion to dismiss as moot on January 7, 2025, and dismissed Does 10-50. Dkt. 29. The United States now moves to dismiss Plaintiff's first and third claims for lack of subject matter jurisdiction.

## IV. ARGUMENT

### A. Plaintiff fails to plead a waiver of sovereign immunity as to her first and third claims.

Plaintiff's first and third claims should be dismissed with prejudice because Plaintiff fails to plead a waiver of sovereign immunity. Fed. R. Civ. P. 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. A plaintiff has the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (internal quotation marks and citation omitted). Typically, only Congress may waive sovereign immunity. *See id.* (finding that an SEC regulation and a letter from the United States embassy could not effect a waiver of sovereign immunity since they were not acts of Congress); *Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015) ("[O]nly Congress can waive an agency's sovereign immunity."). The burden to show that sovereign immunity has been waived is on the party bringing suit. *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012).

Here, Plaintiff does not identify a waiver of sovereign immunity for her first claim, "Dangerous Condition of Public Property." This claim is purportedly brought under the ABA, 42 U.S.C. § 4151 *et seq.* FAC ¶ 37. The ABA contains no waiver of sovereign immunity and "does not provide a private cause of action under which [a] plaintiff may raise a claim against a federal official." *Blackwell v. United States*, 2019 WL 8953363, 2:15-cv-8968-PA-AFM, at *5 n.2. (C.D. Cal. Dec. 9, 2019); *see also Fulton v. United States*, 198 F. App'x 210, 216 (3rd Cir. 2006) (the ABA "provid[es] no independent

1  statutory right of action ... nor ... an implied right of action").

2  Plaintiff also does not identify a waiver of sovereign immunity for her third claim, an alleged violation of the Unruh Act. Plaintiff alleges that "any violation of the ADA is a violation of the Unruh Civil Rights Act." FAC ¶¶ 26–35, 56. Under the ADA, 42 U.S.C. § 12131(1), a "public entity" is defined as a state or local government or an agency of a state or local government. The United States Postal Service ("USPS") is a federal agency. It is well established that "the federal government is excluded from coverage of the ADA." *Drevaleva v. Department of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020); *see also Bosworth v. United States*, 2016 WL 4168852, 2:14-cv-498-DMG-SS, at *4 (C.D. Cal. Aug. 5, 2016). ("Because the ADA's definition of 'public entity' encompasses only state and local governments and their instrumentalities, it is well settled that the ADA does not provide a cause of action against the federal government.").

These claims must therefore must be dismissed for lack of jurisdiction.

**B.    The FTCA waives sovereign immunity only with respect to tort claims.**

Should Plaintiff argue that the FTCA operates as a waiver of sovereign immunity for these claims (*see* FAC ¶ 7), this argument is mistaken. The FTCA waives sovereign immunity with respect to *tort claims*—that is, claims for "money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see Colony First Fed. Sav. & Loan Ass'n v. Fed. Sav. & Loan Ins. Corp.*, 643 F. Supp. 410, 416 (C.D. Cal. 1986) ("The FTCA is a limited waiver of sovereign immunity with respect to claims sounding in tort . . . ."). Civil rights actions not "sounding in tort" are not cognizable claims under the FTCA. *See, e.g.*, *Williams v. Fed. Deposit Ins. Corp.*, 2009 WL 1209029, at *2 (N.D. Ill. Apr. 30, 2009) ( "[a] violation of the Illinois Human Rights Act is a statutory violation, not a tort"); *Stringer v. White*, No. 07-5516, 2008 WL 344215, at *5 (N.D. Cal. Feb. 6, 2008) (holding that a claim for disability discrimination "is not a tort and does not fall under the FTCA").

Claims under the ABA and the Unruh Act do not sound in tort. The ABA is a public

accommodations statute that prohibits discrimination against individuals "on the basis of disability." 42 U.S.C. § 12182. Similarly, the Unruh Act "is a public accommodations statute that focuses on discriminatory behavior by business establishments." *Ramirez v. Wong*, 188 Cal. App. 4th 1480, 1485 (2010); *see* Cal. Civ. Code § 51 (prohibiting discrimination in the provision of "accommodations, advantages, facilities, privileges, or services"). The conduct prohibited by these statutes sounds in discrimination—not "injury or loss of property, or personal injury or death." *Cf.* 28 U.S.C. § 1346(b)(1). Accordingly, Plaintiff's ABA and Unruh Act claims do not sound in tort and must be dismissed for lack of jurisdiction.

## V. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court dismiss Plaintiff's ABA and Unruh Act claims with prejudice.

Dated: January 21, 2025

Respectfully submitted,

JOSEPH T. McNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

### Certificate of Compliance under L.R. 11-6.2

The undersigned, counsel of record for the Federal Defendant, certifies that this brief contains 1,232 words, which complies with the word limit of L.R. 11-6.1.